UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 18-02962 MWF (RAO) | Date: | August 7, 2018 |
| Title: | Keith Darnell Campbell v. William Sullivan, Warden | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING DISMISSAL DUE TO UNEXHAUSTED CLAIM AND FAILURE TO FILE OPPOSITION TO RESPONDENT'S MOTION TO DISMISS [6]**

### A. Introduction

On April 4, 2018, the Court received Petitioner Keith Darnell Campbell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. No. 1. On June 14, 2018, Respondent filed a motion to dismiss the Petition, raising two grounds for dismissal: (1) that the petition is not verified; and (2) that ground two of the Petition is unexhausted (the "Motion"). Dkt. No. 6. On June 15, 2018, the Court ordered Petitioner to file an opposition to the Motion by July 14, 2018. Dkt. No. 8. To date, the Court has not received Petitioner's opposition.

### B. Mixed Petition

With respect to the Motion's argument that ground two of the Petition is unexhausted, the Court reminds Petitioner that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).

A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Because the Petition appears to be mixed, Petitioner has four available options:

**Option 1:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitation under 28 U.S.C. § 2244(d)(1), as amended, which states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of Dismissal form in order to select this option. However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 3:** Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pleaded, but unexhausted claims. *See Rhines*, 544 U.S. at 277-78. To obtain a stay pursuant to *Rhines*, Petitioner is required to make a showing of good cause for his failure to have exhausted all of his claims in state court and that the claims are not "plainly meritless." *See id.*

**Option 4:** Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claims, but the court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claims. *See*

*Kelly*, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely … [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

### C. Failure to File Opposition to Motion

As noted above, the Court ordered Petitioner to file an opposition to the Motion by July 15, 2018. To date, Petitioner has not filed an opposition.

**Petitioner is warned that failure to file a timely opposition to a dispositive motion despite a court order to do so will result in a recommendation that the Petition be dismissed for failure to prosecute.**

### D. Order

The Court hereby **ORDERS** Petitioner to respond to this Order by **September 6, 2018**. **Petitioner must either (1) specifically indicate which of the four options described herein he wishes to pursue, OR (2) if Petitioner contends that ground two is exhausted, then he must file an opposition to the Motion. Failure to file a timely response to the Court's Order will result in a recommendation that the Petition be dismissed for failure to prosecute.**

If Petitioner elects to choose one of the four options described in this order, then the Court provides the following guidance.

In order to select Options One or Two, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options Three or Four, Petitioner must file a declaration, signed under penalty of perjury, requesting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted his claims and that the claims are not plainly

meritless. **While the Court will have to rule on any request for a stay filed by Petitioner, nothing in this order prevents Petitioner from immediately raising in state court his unexhausted claims.**

    The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

    **IT IS SO ORDERED.**

Attachment:
Notice of Dismissal form

Initials of Preparer    vp for dl